IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| **KIMBERLI PSCHIRER** | ) | CASE NO: 2:23-cv-109 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE |
| vs. | ) | |
| | ) | **COMPLAINT** |
| **LINCOLN NATIONAL LIFE INSURANCE COMPANY** | ) ) | |
| | ) | |
| and | ) | |
| | ) | |
| **PNC FINANCIAL SERVICES GROUP, INC.** | ) ) | |
| | ) | |
| and | ) | |
| | ) | |
| **PNC FINANCIAL SERVICES GROUP, INC., AND AFFILIATES LONG-TERM DISABILITY PLAN** | ) ) ) | |
| | ) | |
| Defendants. | ) | |

Now comes Plaintiff Kimberli Pschirer for her complaint against Defendants Lincoln National Life Insurance Company, PNC Financial Services Group, Inc., and PNC Financial Services Group, Inc. and Affiliates Long Term Disability Plan, states as follows:

**JURISDICTION & VENUE**

1. Plaintiff Kimberli Pschirer ("Plaintiff") is a resident of Geauga County, Ohio.

2. Plaintiff is a covered participant as a sponsored employee through the PNC Financial Services Group, Inc. and Affiliates Long Term Disability Plan ("LTD Plan").

3. PNC Financial Services Group, Inc. is a corporation for profit doing business in Pittsburgh, Pennsylvania.

4. PNC Financial Services Group, Inc. is the plan sponsor and plan administrator of

the PNC Financial Services Inc. and Affiliates Long Term Disability Plan ("LTD Plan"), an employee welfare benefits plan as defined by ERISA, 29 U.S.C. § 1002, *et seq*.

5. Lincoln National Life Insurance Company ("Lincoln") is licensed to do business in the State of Pennsylvania by the Pennsylvania Department of Insurance.

6. Upon information and belief, Defendant PNC Financial Services Group, Inc. and Defendant PNC Financial Services Group, Inc. and Affiliates Long Term Disability Plan delegated full and complete claim administration responsibility to Defendant Lincoln to carry out the LTD Plan's duties as set forth under the terms of the LTD Plan.

7. Plaintiff asserts her claim under ERISA §502(a)(1)(B).

8. Plaintiff has standing pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. §1132(a)(1)(B)) and states that benefits under the LTD Plan have been wrongfully withheld, that her rights have therefore been wrongfully denied and that benefits have not been paid because of the Defendants' actions.

9. The LTD Plan has a venue selection clause stating that the courts of competent jurisdiction in Pittsburgh, Pennsylvania will have exclusive jurisdiction for all claims, actions and other proceedings.

10. Plaintiff's administrative remedies are deemed exhausted as the Defendants failed to follow the claims procedures, as set forth in 29 C.F.R. § 2560.503-1(l)(1).

**COUNT ONE - ERISA**
**(Long Term Disability Plan)**

11. Plaintiff reaffirms and re-alleges the allegations in the preceding paragraphs as if fully rewritten herein.

12. At all times relevant, Plaintiff worked for PNC Financial Services Group, Inc.

13. Plaintiff had been diagnosed with various medical problems within the knowledge

2

of Defendants.

14. On September 11, 2017, Plaintiff ceased working due to her various medical problems.

15. Plaintiff received disability benefits beginning December 12, 2017.

16. Plaintiff received a letter dated July 19, 2022, from Defendants indicating that her disability benefits claim was denied beyond July 14, 2022.

17. Plaintiff filed her Notice of Appeal to Defendants' decision to deny disability benefits on December 5, 2022.

18. Pursuant to 29 C.F.R. § 2560.503-1(i)(1)(i) and (i)(3)(i), Defendants were required to make a benefit determination upon review by January 19, 2023, which was 45 days after the Plaintiff filed her Notice of Appeal.

19. On December 30, 2022, pursuant to 29 CFR § 2560.503-1(h)(4)(i)-(ii), Defendants disclosed to Plaintiff one medical peer review it had obtained from a file-review physician named Andrew Nava, M.D.

20. On January 13, 2023, Plaintiff responded in writing that she had no further information or evidence to provide and requested that the Defendants either approve or deny her Notice of Appeal within the 45-day window, as required by 29 C.F.R. § 2560.503-1(i)(1)(i) and (i)(3)(i).

21. The Defendants failed to either approve or deny Plaintiff's Notice of Appeal within the 45-day window as required by 29 C.F.R. § 2560.503-1(i)(1)(i) and (i)(3)(i).

22. Plaintiff's administrative remedies are deemed exhausted as the Defendants failed to follow the claims procedures as set forth in 29 C.F.R. § 2560.503-1(l)(1).

23. Plaintiff has provided Defendants with substantive, credible evidence that she was

totally disabled because of her medical problems, has performed all conditions required of her under the LTD Plan, and has been and is entitled to disability benefits under the LTD Plan.

24. Defendants have wrongfully, and/or arbitrarily and capriciously, refused to pay Plaintiff's disability benefits in violation of the terms of the LTD Plan, and in violation of 29 U.S.C. 1132(a) et seq.

25. As a direct and proximate result of the above-referenced decision to deny benefits, Plaintiff has suffered the loss of benefits to which she has been and is entitled, and has incurred expenses in appealing the wrongful, arbitrary, and capricious denial.

WHEREFORE, Plaintiff prays as follows:

1. Pursuant to 29 CFR § 2560.503-1(l)(2)(i), Defendants failed to follow a reasonable claim procedure by violating 29 CFR § 2560.503-1(l)(1). Thus, Plaintiff's claim is entitled to review under the less deferential *de novo* standard of review regardless of whether the LTD Plan contained a grant of discretion;

2. That Plaintiff has the right to receive LTD benefits pursuant to the terms and conditions set forth in the LTD Plan;

3. That all of Plaintiff's rights under the LTD Plan be honored;

4. That Plaintiff is entitled to all additional or associated benefits as a result of being found disabled and that same be reinstated; and

5. That Plaintiff be awarded pre-judgment and post-judgment interest, costs, and reasonable attorney fees as determined by the Court, and for all other relief in law or equity to which she is entitled.

        Respectfully submitted,

        */s/Erik W. Berger*
        Erik Berger (PA ID # 78141 )
        Osterhout Berger Disability Law, LLC
        2002 San Marco Blvd, Suite 203
        Jacksonville, FL 32207
        T: 904-733-2817
        F: 412-794-8511
        eberger@obl.law

        *Attorney for Plaintiff*